IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:22-CV-00325-M

FRANKLIN WILLARD BAKER, )
                                                                                          )
    Plaintiff, )
                                                                                          )
v. )
                                                                                         )          ORDER
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*, )
                                                                                         )
    Defendant. )
                                                                                         )

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II [DE 22]. Judge Numbers recommends that this court deny Plaintiff's Motion for Judgment on the Pleadings [DE 15], grant Defendant's Motion for Judgment on the Pleadings [DE 19], and affirm the final decision of the Commissioner. Plaintiff filed objections to the M&R (DE 23), Defendant responded (DE 24), and without leave to do so, Plaintiff filed a reply brief in support of his objections (DE 25). After a *de novo* review in this case, the court finds that the ALJ made none of the errors reported by Plaintiff, overrules Plaintiff's objections, adopts the rationale of the M&R, and concurs in the M&R's recommended rulings.

**I.    Standards of Review**

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271

(1976). The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Without timely objection, *de novo* review is unnecessary, and a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.*; *see also Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

## II. Analysis

Plaintiff challenges the Commissioner's decision affirming Administrative Law Judge ("ALJ") Margo Stone's denial of Plaintiff's application for social security income, arguing that the ALJ erred in failing to support her RFC assessment and her decision to discount the opinions of two medical examiners with substantial evidence. Pl.'s Brief, DE 16. Defendant counters that the ALJ properly discounted the opinions of the medical examiners as inconsistent with other evidence in the record and properly supported her RFC assessment, including Plaintiff's ability to lift his arms. Def.'s Brief, DE 20. The matter was referred to Magistrate Judge Numbers for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Judge Numbers concluded that "Baker has not established that the ALJ erred in examining the medical opinions" nor "in his residual functional capacity determination by showing he has greater restrictions in using his upper extremities"; thus, Judge Numbers recommends that this court deny the Plaintiff's motion, grant the Defendant's motion, and affirm the Commissioner's decision. M&R, DE 22 at 6, 18.

Plaintiff does not lodge objections to the M&R's "Background," "Standard for Review," and "Standard for Evaluating Disability" sections. The court finds no clear error with those sections on the face of the record and, therefore, adopts and incorporates by reference those portions of the M&R as if fully set forth herein. Plaintiff objects to portions of Judge Numbers' analysis, arguing that the magistrate judge improperly concluded "the ALJ's reasons for discounting [ ] the opinions of Dr. Cross and Dr. Burgess are supported by substantial evidence" and "erred in not finding the ALJ's RFC assessment is incomplete and not fully explained." Pl.'s Objection, DE 23. The Commissioner filed a response asserting that Plaintiff's objections "repeat the same arguments that were fully considered and properly rejected by the Magistrate Judge," the

3

magistrate judge "correctly found no error in the ALJ's evaluation of medical opinion evidence," and "substantial evidence supports the RFC." DE 24. In his reply, Plaintiff contends that his objections are not mere repetitions and that "the M&R fails to consider that the ALJ did not properly evaluate the consistency of the medical opinion evidence or that the ALJ's reasons for finding those opinions only somewhat persuasive are not supported by substantial evidence." DE 25.

The court agrees with Defendant that Plaintiff's objections largely appear to mirror those lodged against the ALJ in Plaintiff's motion for judgment on the pleadings. Such objections are improper under § 636. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013) ("Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review." (citing *Midgette*, 478 F.3d at 621)); however, to the extent that the court can construe any purported error Plaintiff specifies on the part of the magistrate judge, the court will address it.

As this court's review of such purported error(s) is *de novo*, the court will "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas*, 983 F.3d at 94 (citations omitted). The standard applied to the substantial-evidence inquiry is a deferential one, limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.* at 95 (citations omitted); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted).

4

A.  Medical Opinions

Plaintiff argues Judge Numbers improperly concluded that "the ALJ's reasons for discounting [ ] the opinions of Dr. Cross and Dr. Burgess are supported by substantial evidence." The proper analysis for medical opinions supporting claims filed after March 27, 2017, such as the present claim, no longer recognizes the deferential "treating source rule" or the "evidentiary weight" to be given medical opinions. *See Deel v. Kijakazi*, No. 2:21CV00004, 2022 WL 404576, at *3 (W.D. Va. Feb. 9, 2022) ("Under the new regulations, ALJs no longer are required to assign an evidentiary weight to medical opinions or to accord special deference to treating source opinions.") (citing 20 C.F.R. § 404.1520c(a)); *see also* ALJ's Decision, R. 39.[1]

Rather, an ALJ must consider and articulate how persuasive she finds all relevant medical opinions and all prior administrative medical findings in a claimant's case record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1520c(b), (c)(1)-(5). The SSA deems supportability and consistency "the most important factors" in evaluating the persuasiveness of medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2) (2020).

"Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(1). In evaluating the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive

---

[1] "R." denotes a reference to the transcript of the entire record of proceedings before the Social Security Administration, appearing at Docket Entry 12. Page references are to those assigned by the transcript index, not those assigned by the CM/ECF electronic docketing system.

5

the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(2). In assessing the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ is not required to explain how she considered each of the relevant factors; instead, when articulating her finding about whether an opinion is persuasive, the ALJ need only explain how she considered "the most important factors" of supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ may comment on the other factors, including the source's specialization or relationship with the claimant, but generally has no obligation to do so. *See* 20 C.F.R. § 404.1520c(b)(2)-(3) (2020).

Here, the ALJ recited the opinions of the consultative examiners, Dr. Burgess and Dr. Cross, in detail (R. 40-41), found the opinions to be "somewhat persuasive," and concluded that each "doctor supported his [or her] opinion with a detailed report of examination of the claimant" but "the opinion is not fully consistent with the evidence of record." R. 41. More specifically, with respect to Dr. Burgess, the ALJ found his opinion did not account for "the claimant's own statements about his abilities and improvement of his conditions with medication, showing the claimant is slightly less limited than determined by the consultative examiner." *Id.* Regarding Dr. Cross, the ALJ found that her "opinion is vague using terms such as 'mildly' and 'severely' without definition" and the opinion did not account for "an echocardiogram and stress test, showing the claimant is slightly less limited than determined by the consultative examiner." *Id.*

1.  *Dr. Cross' Opinion*

Judge Numbers addressed Plaintiff's arguments concerning the ALJ's assessment of Dr. Cross' opinions, saying the ALJ properly noted that Dr. Cross' use of the terms "mildly" and "severely" conveyed uncertain limitations and the ALJ, in fact, identified evidence in the record that contradicted some of the doctor's examination findings. DE 22 at 10-11.

Plaintiff objects that "neither the ALJ nor the M&R appear to have considered Baker's worsening overall condition as shown by his decreased abilities when examined by Dr. Morris in November 2018 and his abilities when examined by Dr. Cross in July 2019." Pl. Objection, DE 23 at 1-2. First, Plaintiff's premise is flawed; one cannot reasonably assume that Plaintiff's condition worsened simply because one doctor found Plaintiff less functional several months after evaluation by another doctor. In this case, a third physician reviewed Plaintiff's record in November 2019, *after* both Dr. Morris' and Dr. Cross' examinations, and determined Plaintiff was "capable of a range of medium work with postural and environmental limitations. R. 41. Furthermore, to the extent that the record supports Plaintiff's alleged "worsening" condition, the ALJ evaluated Dr. Morris' November 2018 findings, as well as Dr. Pyle's December 2018 findings,[2] and determined that Plaintiff was "more limited than determined by the consultative examiner/medical consultants." R. 40-41. It appears that, in so doing, the ALJ recognized that Plaintiff's abilities decreased, at least somewhat, after November/December 2018.

Further, Plaintiff objects that the ALJ and the M&R did not acknowledge the Plaintiff's "chronic fatigue and possible sleep apnea," which he reported to Dr. Cross. Specifically, Plaintiff contends that the "ALJ found fatigue is a severe impairment, but it is not apparent from her

---

[2] The ALJ included in this analysis another medical consultant's findings from November 2019. *See id.*

7

decision that she considered Baker's fatigue in evaluating how persuasive she found Dr. Cross' opinion." DE 23 at 3. The court is not convinced. First, the ALJ did not "rel[y] on the echocardiogram and stress test to the exclusion of other causes" of Plaintiff's fatigue; she simply noted them as examples of evidence inconsistent with Dr. Cross' findings regarding Plaintiff's abilities. *See* R. 41. Moreover, an ALJ need not describe in her decision every symptom reported by the Plaintiff to a physician in determining whether that physician's opinion is supported by and consistent with the evidence of record. *See* 20 C.F.R. § 404.1520c(b)(2). Here, in addition to finding "fatigue" to be one of the Plaintiff's severe impairments (R. 31), the ALJ described Dr. Cross' examination report, which includes Plaintiff's report of "constant fatigue" (R. 37), Plaintiff's reports of fatigue to other health providers referenced in the medical record (R. 35, 37), and Plaintiff's own reports of fatigue at the hearing (R. 36). The ALJ's repeated references to this impairment convinces the court that she considered it not only in evaluating Dr. Cross' opinion but also throughout her decision. Notably, while it may be true that the ALJ did not specifically mention Plaintiff's fatigue in evaluating Dr. Cross' opinion, she also did not mention it in evaluating the other physicians' opinions.

The ALJ found the opinions of other physicians, including another consultative examiner and state agency consultants whose opinions appear to favor a finding of no disability, also to be only "somewhat persuasive" given that the opinions were "not fully consistent with the evidence of record." R. 40-42. As stated by Judge Numbers, the ALJ discussed Dr. Cross' examination findings (R. 37-38) and referenced other evidence in the record including Plaintiff's reports, both oral and written, at medical visits, to the SSA, and to the ALJ at the hearing that rebut or contradict Dr. Cross' findings. See *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent

with other substantial evidence, it should be accorded significantly less weight."). The court finds no error and overrules Plaintiff's objections concerning the M&R's treatment of the ALJ's evaluation of Dr. Cross' opinion.

2. *Mental Health Evaluators*

Plaintiff contends that both the M&R and the ALJ "failed to acknowledge [his] changing, worsening conditions." DE 25 at 1-2. According to Plaintiff, "In October 2018, Baker was diagnosed with major depressive disorder with anxious distress, mild, but by July 2019, his depression had worsened to moderate major depressive disorder and generalized anxiety disorder, and his mental abilities had decreased." *Id.* at 2. Plaintiff argues that the ALJ's failure to recognize his worsening condition "means that th[e] reason for discounting the mental health examiners' opinions is not supported by substantial evidence." *Id.* The court is not persuaded.

Both the ALJ and Judge Numbers recognized and acknowledged Plaintiff's reports of worsening symptoms and the doctors' findings in October 2018 and July 2019. R. 35, 39, 40. The ALJ did not, as argued by Plaintiff, assert that Plaintiff's "abilities to perform daily activities . . . remained the same throughout the time period." DE 25 at 1. Notably, however, Plaintiff's own statements do not demonstrate that his mental condition worsened after the 2018 evaluation; for example, in July 2018, Plaintiff completed a Function Report in which he notes his dizziness, fatigue, inability to sleep, anxiety, and difficulty with crowds; Plaintiff noted that he related only with his son, grandkids, and two neighbors and stated, "sometimes I just can't take a lot of talking to people." R. 286-293. At the hearing on October 22, 2020, Plaintiff testified about his dizziness, fatigue, inability to sleep, anxiety, and difficulty with crowds (R. 56-76); he also stated, "I don't associate with no friends. I've got like two people besides my son that I deal with. . . . I can't handle people" (R. 72). Nevertheless, the ALJ's decision reflects that she recognized and considered

9

Plaintiff's reports and the doctors' opinions about his "worsened" mental condition.

Plaintiff also objects that the M&R and ALJ rely on Plaintiff's "own statements about his abilities and improvement of his condition with medication" but fail to recognize the Plaintiff stated that "his ability to perform daily activities had decreased and that he no longer had insurance and could not afford the medications." DE 25 at 3. Plaintiff cites Dr. Burgess' opinion—in which Plaintiff reported that he had not taken medication because he did not have insurance and could not afford it—for support of this objection. *Id.* (citing R 540). Plaintiff cites (but did not attach) an unpublished case from the District of South Carolina for the proposition that "poverty excuses noncompliance." *Id.* (citing *Selbee v. Astrue*, No. C/A 8:08-810-GRA, 2009 WL 2257425, at *6 (D.S.C. July 29, 2009). But there is no evidence here that the ALJ discounted Plaintiff's statements because of any noncompliance with medication. *See Selbee*, 2009 WL 2257425, at *6. Also, Plaintiff answered in the negative when the ALJ asked at the hearing whether he had health insurance, explaining that he "lost" the insurance "when [he] left [employment with] the city." R. 58.

To the extent that Plaintiff argues the ALJ improperly rebutted the mental health physicians' reports with evidence that Plaintiff's health improved with medication, the ALJ cited a September 21, 2018 medical report in which Plaintiff "denied anxiety and depression" (R. 511) and Dr. Cross' July 30, 2019 report in which the doctor noted, "Anxiety depression being managed by PCP on meds that help depression – does have breakthrough anxiety – no suicidal nor homicidal thoughts." R. 544. In addition, the ALJ asked Plaintiff about his current medications at the hearing; he responded that he took five prescribed medications and mentioned nothing about an inability to afford it, despite his previous statement that he had no health insurance. *See* R. 63. The ALJ did not improperly consider all of this information in determining the persuasiveness of

10

the doctors' opinions.

The court finds no error and overrules Plaintiff's objections concerning the M&R's treatment of the ALJ's evaluation of the mental health opinions.

B.     RFC Assessment

Plaintiff contends that the M&R improperly affirmed the ALJ's Residual Functional Capacity ("RFC") where the evidence demonstrates that Plaintiff has limitations in reaching overhead but the ALJ assessed no reaching limitations nor explained why she omitted them, and the Magistrate Judge determined that Plaintiff's reaching limitations required no greater restrictions than those listed in the RFC.

First, the court finds that Plaintiff merely restates here his arguments before the Magistrate Judge regarding the ALJ's lack of restrictions, and lack of explanation for omitting restrictions, for any reaching limitations in the RFC. *Compare* DE 16 at 26-30 *with* DE 23 at 8-11. This court need not engage in a *de novo* review of such objections. *Durkee*, 765 F. Supp. 2d at 747. Furthermore, the court has addressed, *supra*, Plaintiff's objection regarding his "worsening condition." *See* DE 23 at 9.

Plaintiff also contends that both the ALJ and the Magistrate Judge noted that Plaintiff "sought no treatment for his back or shoulder pain" and improperly "use[d] this lack of treatment against Baker without first considering why he had no treatment and his inability to afford treatment." DE 23 at 9-10. The court finds that neither the ALJ nor Judge Numbers relied on such information as Plaintiff posits. *See* DE 23 at 10 ("When a claimant alleges an inability to afford treatment and an ALJ considers failing to obtain treatment as a factor that lessens the claimant's credibility, the ALJ must make specific findings regarding the claimant's ability to afford treatment. The ALJ did exactly that without exploring or evaluating Baker's inability to afford

11

treatment."). Rather, in her decision, the ALJ describes Plaintiff's reports to medical providers of back and shoulder pain, as well as a diagnostic report of his lumbar spine, in her analysis of whether Plaintiff's stated impairments are "severe" or would "significantly limit the ability to perform basic work activities as required by SSR 85-28." R. 31. She states that Plaintiff "had not seen a doctor about his back or shoulder pain and he did not appear to receive any treatment for spinal or shoulder conditions during the relevant period." *Id.* In this context, the court finds it clear that the ALJ limited her comment about Plaintiff's lack of treatment for his back/shoulder pain to her analysis of whether Plaintiff's impairment was "severe" under the applicable regulations, not to her RFC analysis. In fact, the ALJ's comment may be reasonably construed as expressing a "lack of records," rather than a "lack of treatment," in her determination that Plaintiff's back/shoulder pain was not "severe."

Judge Numbers noted the ALJ's comment in his evaluation of Plaintiff's objections. DE 22 at 18. Immediately after this note, Judge Numbers states: "State agency physicians reviewing Baker's case found no severe back or shoulder condition. Tr. at 89, 109. And they assigned no limitations in his ability to reach overhead. Tr. at 92, 112." DE 22 at 18. Again, in this context, considering it is a state agency physician's duty to review the written record and not examine the claimant, the court finds Judge Numbers emphasizes the lack of records supporting Plaintiff's back/shoulder pain, rather than a lack of treatment. The court finds no clear error by the Magistrate Judge and, otherwise, overrules Plaintiff's objections concerning the M&R's treatment of the ALJ's RFC assessment.

### III. Conclusion

This court's review of the ALJ's decision is confined to whether substantial evidence in the record, as it was reviewed by the ALJ, supports her decision and whether she applied correct

legal standards. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). Even if other evidence exists that may support Plaintiff's position, the court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In considering the entire record, and the evidence referenced herein, the court finds that Magistrate Judge Numbers correctly found that the ALJ supported her RFC determination with substantial evidence and properly weighed the relevant medical opinions.

Having reviewed Plaintiff's objections, portions of the M&R for clear error (as described *supra*), and the remainder of the record *de novo*, the court: (1) ADOPTS the M&R [DE 22]; (2) UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES Plaintiff's Motion for Judgment on the Pleadings [DE 15]; and (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 19]. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and all counsel of record, and close this case.

SO ORDERED this 19th day of September, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE